BINDER MALTER HARRIS & ROME-BANKS LLP
Robert G. Harris #124678
Julie H. Rome-Banks #142364
Wendy W. Smith #133887
Reno Fernandez #251934
2775 Park Avenue
Santa Clara, CA  95050
Tel: (408) 295-1700
Fax: (408) 295-1531
Email: rob@bindermalter.com
Email: julie@bindermalter.com
Email: wendy@bindermalter.com
Email: reno@bindermalter.com

Proposed Attorneys for Debtor and Debtor in Possession,
Franciscan Friars of California, Inc.

## UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| In re:<br><br>FRANCISCAN FRIARS OF CALIFORNIA, INC.<br><br>Debtor. | Case No. 23-41723 WJL<br><br>Chapter 11 |

**DECLARATION OF RENO FERNANDEZ IN SUPPORT OF DEBTOR'S MOTION FOR INTERIM AND FINAL ORDERS (1) AUTHORIZING CONTINUED USE OF EXISTING CASH MANAGEMENT SYSTEM, OPERATIONAL BANK ACCOUNTS AND RELATED INVESTMENT ACCOUNTS; (2) AUTHORIZING MAINTENANCE OF EXISTING BUSINESS FORMS, (3) EXCUSING COMPLIANCE WITH SECTION 345(b); (4) AUTHORIZING CONTINUED USE OF CURRENT INVESTMENT POLICY; AND (5) SCHEDULING A FINAL HEARING**

I, Reno Fernandez, know the following matters to be true of my own, personal knowledge and, if called as a witness could and would testify competently thereto:

1. I am an attorney with Binder Malter Harris & Rome-Banks LLP, counsel of record for Franciscan Friars of California, Inc. ("FFCI" or "Debtor"), Debtor and Debtor in Possession in the above-captioned chapter 11 case (the "Bankruptcy Case").

2. Attached hereto as Exhibit A is a true and correct redlined copy of the proposed Interim Order Granting Debtor's Motion for Interim and Final Orders (1) Authorizing Continued Use of Existing Cash Management System, Operational Bank Accounts and Related Investment Account; (2) Authorizing Maintenance of Existing Business Forms, (3) Excusing Compliance With Section 345(B); (4) Authorizing Continued Use of Current Investment Policy; and (5) Scheduling a Final Hearing.

I declare that the foregoing is true and correct under penalty of perjury under the laws of the United States. Executed this 11th day of January, 2024, at Santa Clara, California.

/s/ *Reno Fernandez*
Reno Fernandez

# EXHIBIT A

Case: 23-41723    Doc# 36    Filed: 01/11/24    Entered: 01/11/24 18:49:09    Page 3 of 10

BINDER MALTER HARRIS
& ROME-BANKS LLP
Robert G. Harris #124678
Julie H. Rome-Banks #142364
Wendy W. Smith #133887
Reno Fernandez #251934
2775 Park Avenue
Santa Clara, CA  95050
Tel: (408) 295-1700
Fax: (408) 295-1531
Email: rob@bindermalter.com
Email: julie@bindermalter.com
Email: wendy@bindermalter.com
Email: reno@bindermalter.com

Proposed Attorneys for Debtor and Debtor in Possession,
Franciscan Friars of California, Inc

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| In re:<br><br>FRANCISCAN FRIARS OF CALIFORNIA, INC.<br><br>Debtor. | Case No. 24-41723 WJL<br><br>Chapter 11<br><br>Date:   January 10, 2024<br>Time:  1:30 pm<br>Place:  1300 Clay Street, Courtroom 220<br>            Oakland, California<br>Judge: Honorable William J. Lafferty, III |

**[PROPOSED] INTERIM ORDER GRANTING DEBTOR'S MOTION FOR INTERIM AND FINAL ORDERS (1) AUTHORIZING CONTINUED USE OF EXISTING CASH MANAGEMENT SYSTEM, OPERATIONAL BANK ACCOUNTS AND RELATED INVESTMENT ACCOUNT; (2) AUTHORIZING MAINTENANCE OF EXISTING BUSINESS FORMS, (3) EXCUSING COMPLIANCE WITH SECTION 345(b); (4) AUTHORIZING CONTINUED USE OF CURRENT INVESTMENT POLICY; AND (5) SCHEDULING A FINAL HEARING**

The Debtor's Motion for Interim and Final Orders (1) Authorizing Continued Use of Existing Cash Management System, Operational Bank Accounts aAnd Related Investment Account; (2) Authorizing Maintenance of Existing Business Forms, (3) Excusing Compliance with Section 345(b); (4) Authorizing Continued Use of Current Investment Policy; and

(5) Scheduling a Final Hearing (the "Motion") came on for hearing at the date, time and place set forth above. Robert G. Harris, Esq. of Binder Malter Harris & Rome-Banks LLP appeared for debtor and debtor in possession Franciscan friars of California, Inc. (the "Debtor"); Jason Blumberg appeared for the U.S. Trustee; and Michael St. James of St. James Law, P.C. appeared for certain Associated Ministries. Other appearances were noted on the record.

The Court has considered the Motion, all pleadings and exhibits related to the Motion, the Declaration of David Gaa in Support of Debtor's First Day Motions, and the matters reflected in the record of the hearing held on the Motion. The Court having, found that notice of the Motion is appropriate and that no further notice is necessary; that the relief sought in the Motion is in the best interests of the Debtor, its estate, and its creditors; and that good and sufficient cause exists for such relief, hereby GRANTS the Motion on an interim basis as set forth herein.

IT IS THEREFORE ORDERED that:

1. The Debtor is authorized to (a) continue operating its Cash Management System, as described in this Motion, including the continued maintenance of existing bank accounts at the Debtor's "Banks" including a waiver of the requirement that the legend "debtor in possession" be imprinted on any existing checks and business forms.

2. The Debtor is authorized, but not directed, to: (i) continue using the accounts identified in Paragraph 8 of the Motion (the "Accounts") in the ordinary course of its business, with the same account numbers in existence on the Petition Date, (ii) maintain and continue using existing physical checks and other similar physical forms related to the Accounts without reference to Debtor's status as debtor in possession; (iii) deposit funds in and withdraw funds from the Accounts by all means, including checks, wire transfers, ACH transfers, and other debits; (iv) continue performing its obligations under the documents and agreements governing the Accounts, including, without

limitation, any prepetition cash management agreements or treasury services agreements; and (v) open new debtor in possession Accounts, which Accounts shall be subject to the provisions hereof, and, if and as Debtor deems necessary and appropriate in its sole discretion, close any existing Accounts.

3. Except as otherwise expressly provided herein, the Debtor's banks are authorized and directed to: (i) continue to service and administer the Accounts as accounts of Debtor as debtor in possession, without interruption and in the ordinary course in accordance with and subject to all of the terms and conditions of the controlling deposit account agreement and related documents governing the Accounts; (ii) receive, process, honor, and pay any and all checks, drafts, wires, credit cards, purchase cards, and ACH transfers issued, payable through, or drawn on the Accounts after the Petition Date by the holders, makers, or other parties entitled to issue instructions with respect thereto, as the case may be; *provided, however*, that Debtor will promptly instruct the affected bank as to any checks, drafts, wire transfers (excluding any wire transfers or ACH transactions that the bank is obligated to settle), or other items presented, issued, or drawn that should not be honored and the bank will follow said instructions; (iii) charge and collect out of the Accounts such fees and charges authorized under the agreements governing the use of the Accounts and the credit cards; and (iv) accept, hold, and invest Debtor's funds in accordance with Debtor's instructions, documents governing the Accounts, and any further orders of this Court.

4. The Debtor's banks are authorized to debit the Accounts in the ordinary course of business without the need for further order of this Court on account of all (i) checks drawn on the Accounts, which are cashed at the bank or exchanged for cashier's checks by the payees thereof prior to the Petition Date, (ii) checks or other items deposited in one of the Accounts prior to the Petition Date, which have been dishonored or returned unpaid for any reason, together with any fees and costs in connection therewith, to the same extent Debtor was responsible for such items prior to the Petition Date, and (iii) undisputed prepetition amounts outstanding as of the date hereof, if any, owed to the

bank for the maintenance of and services related to the Accounts, together with all other fees and obligations relating to the Cash Management System and the credit cards.

5. A bank's honoring of a prepetition check or other item drawn on any of the Accounts at the direction of Debtor shall not cause the bank to be liable to Debtor or its estate.

6. The Debtor is authorized, but not directed, to (i) pay, or cause to be paid, prepetition amounts outstanding and postpetition amounts as they are incurred, if any, owed to a bank as service charges for the maintenance and administration of the Accounts; and (ii) reimburse, or cause to be reimbursed, a bank for any claims arising before or after the Petition Date in connection with customer checks deposited with the bank that have been dishonored or returned as a result of insufficient funds in the Accounts, to the same extent Debtor was responsible for such items prior to the Petition Date.

~~1.~~7. Notwithstanding the relief granted herein and any actions taken pursuant to such relief, and subject to the administrative status afforded pursuant to this Order, nothing in this Order shall be deemed: a waiver or limitation of the Debtor's, or any other party in interest's, rights under the Bankruptcy Code or any other applicable law.

~~2.~~8. The Debtor is authorized to continue its arrangements with non-Debtor organizations to provide insurance and accounting services.

~~3.~~9. The Debtor is authorized to continue using two existing credit card accounts for the Provincial, Fr. David Gaa and his Vicar, Fr. Martin Ibarra,

~~4.~~10. The Debtor is authorized to maintain its funds in its Trillium investment account without posting a bond pursuant to section 345(b) of the Bankruptcy Code.

~~5.~~11. Relief under this Order is granted only with respect to the accounts identified in paragraph 8 of the Motion.

~~6.~~12. The Debtor shall use its best efforts to (i) have its accounts at Bank of America and Bank of the West designated as "Debtor-in-Possession" accounts by the institutions within 15 days of

entry of the interim Order, and (ii) provide proof to the U.S. Trustee that the accounts have been converted to "Debtor-in-Possession" accounts no later than the final hearing on the First Day Motions.

~~7.~~ 13.  The Debtor shall use its best efforts to close the Montecito Bank & Trust account and provide proof of such closure to the U.S. Trustee not later than the final hearing on the First Day Motions.

~~8.~~ 14.  The Debtor shall not open new accounts unless such accounts are debtor in possession accounts at authorized depositories in the Northern District of California.

~~9.~~ 15.  The Debtor shall track all transactions with non-debtors, including OLG and the "Sponsored Ministries" described in the First Day Declaration filed as ECF No. 23.

~~10.~~ 16.  Notwithstanding the relief granted in this Interim Order, all rights of the U.S. Trustee, any statutory committee(s) appointed in this bankruptcy case, or any other party in interest are reserved, including any right under section 345(b) of the Bankruptcy Code to object or otherwise challenge the proposed treatment of the Charles Schwab investment account.

~~11.~~ 17.  To the extent the fourteen-day stay of Bankruptcy Rule 6004(h) may be construed to apply to the subject matter of this Order, such stay is hereby waived.

18.  Nothing in this Order authorizes the Debtor to make any payments that benefit, directly or indirectly, any credibly accused perpetrator of abuse, whether for wages, support, housing, prepetition claims, retirement or otherwise.

~~12.~~ 19.  To the extent that any of the relief contained herein conflicts with any prior order granted in this case, the relief herein shall control.

~~13.~~ 20.  The final hearing on the Motion shall be he~~ard~~ld on ~~_____, 2023~~ January 31, 2024, at ~~_____~~ 10:30 a.m. Opposition, if any, to the granting of the Motion on a final basis shall be filed and served by ~~_____, 2023~~ January 24, 2024. The Debtor's reply to any opposition shall be filed and served by ~~_____, 2023~~ 12:00 pm PST on January 29, 2024.

Page 5

21. Counsel to the Debtor is directed to serve a copy of this Order on all parties on the Core Service List within five (5) days of the entry of this Order and to file a certificate of service with the Clerk of the Court.

APPROVED AS TO FORM:

TRACY HOPE DAVIS, UNITED STATES TRUSTEE

By: _____
     Jason Blumberg
     Trial Attorney

BRYAN CAVE LEIGHTON PAISNER LLP

By:_____
     Nicholas Marcus
     Attorneys for Bank of America

**END OF ORDER**

COURT SERVICE LIST

None.