# EXHIBIT A

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
## OAKLAND DIVISION

| | |
|---|---|
| *In re*: | Case No. 23-41723 WJL |
| THE FRANCISCAN FRIARS OF CALIFORNIA, INC., | Chapter 11 |
| Debtor. | |

## CORRECTED TERM SHEET SETTING FORTH CERTAIN MATERIAL TERMS OF A GLOBAL SETTLEMENT AGREEMENT BY AND AMONG THE DEBTOR, ITS NON-DEBTOR AFFILIATES AND THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS

THIS CORRECTED TERM SHEET SUMMARIZES CERTAIN MATERIAL TERMS OF A GLOBAL SETTLEMENT BY AND AMONG THE FRANCISCAN FRIARS OF CALIFORNIA, INC. (THE "**DEBTOR**"), ITS "NON-DEBTOR AFFILIATES" (DEFINED BELOW), AND THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS (THE "**COMMITTEE**," AND COLLECTIVELY WITH THE DEBTOR AND THE COMMITTEE, THE "**PARTIES**") TO BE MEMORIALIZED THROUGH AMENDMENTS TO THE *JOINT PLAN OF REORGANIZATION FOR THE FRANCISCAN FRIARS OF CALIFORNIA, INC. DATED DECEMBER [●], 2025* FILED BY THE COMMITTEE AT DOCKET NUMBER 1386-1.

THIS TERM SHEET DOES NOT SUMMARIZE ALL OF THE TERMS, CONDITIONS, REPRESENTATIONS, WARRANTIES, AND OTHER PROVISIONS OF THE GLOBAL SETTLEMENT AGREEMENT OR THE PLAN, ALL OF WHICH SHALL BE SUBJECT TO THE COMPLETION OF DEFINITIVE DOCUMENTS INCORPORATING THE TERMS SET FORTH HEREIN.

THE ONLY BINDING OBLIGATION CREATED BY THE DEBTOR, ITS NON-DEBTOR AFFILIATES AND THE COMMITTEE EXECUTING THIS TERM SHEET IS AN AGREEMENT TO USE THEIR REASONABLE BEST EFFORTS TO AGREE UPON THE TERMS OF THE PLAN DESCRIBED HEREIN. THE MEDIATION PRIVILEGE SHALL NOT BAR THE USE OR ENFORCEMENT OF THIS TERM SHEET BY THE SIGNATORIES HERETO; THE TERM SHEET SHALL BE SUBJECT TO THE JOINT INTEREST PRIVILEGE.

1

1. **Material Terms of the Global Settlement Agreement**

| | |
|---|---|
| **The Non-Debtor Affiliates** | The "**Non-Debtor Affiliates**" include the following entities: (i) the Associated Ministries (defined below); (ii) Franciscan Charities Inc. ("**Franciscan Charities**"); and (iii) Franciscan Ministries Inc ("**Franciscan Ministries**").<br><br>The "**Associated Ministries**" are: (i) Franciscan Renewal Center; (ii) Franciscan School of Theology; (iii) Franciscan Outreach; (iv) Old Mission San Luis Rey; (v) Old Mission Santa Barbara; (vi) Serra Retreat; (vii) St. Anthony's Foundation; (viii) Santa Barbara Mission Archive Library; (ix) San Damiano; (x) St. Francis Center and (xi) St. Francis Retreat. |
| **The Settlement Payment** | On the Effective Date, the Debtor, and its Non-Debtor Affiliates shall irrevocably fund the Trust (as set forth below) with *$20 million* (the "**Settlement Payment**").<br><br>The Settlement Payment is being made in respect of the uninsured or underinsured exposure of the Debtor and Non-Debtor Affiliates for Allowed Abuse Claims, and not in respect of any portion of an Allowed Abuse Claim that may be covered under Non-Settling Insurer Policies. |
| **Retention of Real Property** | The Plan shall be revised to provide that the Debtor shall retain ownership of all of its real property, including the real property located at (i) 1500 34th Avenue, Oakland, Alameda County, California 94601, (ii) 68 Leavenworth Street SF, San Francisco County, California 94102 and (iii) the Gibson Mine. |
| **Treatment of Class 2 and 3 Claims** | The Committee will support the Debtor's proposed treatment of the (i) Class 2 |

2

|  | $3,500,000.00 St. Anthony Foundation Claim and (ii) Class 3 $3,061,666.42 Province of St. John the Baptist of the Order of Friars Minor Claim so long as it does not conflict with the treatment of Abuse Claims. |
|---|---|
| **Retention of all Bequests, including proceeds from Carr Trust** | The Plan shall be revised to provide that all Bequests, including any amounts paid from the Carr Trust to the Debtor after the Effective Date, shall be a "Residual Asset," which shall belong exclusively to the Reorganized Debtor. |
| **Release of all Claims and Causes of Action Held by the Debtor and its Estate Against the Non-Debtor Affiliates** | The Plan shall provide for a release of all Claims held by the Debtor and its estate, including the Committee, against the Non-Debtor Affiliates, including, but not limited to, all Avoidance Actions and Claims that the Associated Ministries should be substantively consolidated with or are alter egos of the Debtor. |
| **Release of all Claims and Causes of Action Held by Abuse Claimants Against the Non-Debtor Affiliates** | The Plan shall provide for an "opt out release" of all Claims held by Abuse Claimants against the Non-Debtor Affiliates (the "**Third Party Release**"). Consent shall be determined by using a ballot that provides for Abuse Claimants granting a release to the Non-Debtor Affiliates unless they check a box which states that "UNLESS YOU CHECK THE BOX ON THIS BALLOT AND FOLLOW ALL INSTRUCTIONS, YOU WILL BE HELD TO FOREVER RELEASE THE RELEASED PARTIES IN ACCORDANCE WITH THE PLAN." At the hearing on approval of solicitation procedures and the adequacy of the Disclosure Statement, the Parties shall request an order of the Court providing that all Abuse Claimants who abstain from voting and otherwise do not affirmatively opt out of the Third Party Release *shall be bound* by such releases. |

3

| | If the Court does not approve such relief, the Debtor, the Non-Debtor Affiliates and the Committee shall agree on the changes necessary to comply with the Court's ruling. |
|---|---|
| **Condition Precedent to Plan Confirmation Hearing** | The Non-Debtor Affiliates may terminate their participation in the Plan and the contributions to be made thereunder if by the deadline for submitting ballots (i) less than 85% of living Abuse Claimants, who have timely filed a Proof of Claim, fail to execute a ballot or an agreement releasing the Non-Debtor Affiliates as set forth in the Plan or (ii) any of the Abuse Claimants identified in **Exhibit A** attached to this Term Sheet have not executed a ballot or agreement releasing the Non-Debtor Affiliates (the "**Plan Support Threshold**"). <br><br> Counsel to the Committee shall make its reasonable best efforts to obtain a release for the benefit of the Non-Debtor Affiliates from the holders of the Abuse Claims set forth in **Exhibit B**; *provided however*, the failure to procure such release shall not be grounds upon which the Plan may be terminated by the Non-Debtor Affiliates. For the avoidance of doubt, the Abuse Claims set forth in Exhibit B shall be considered in calculating the Plan Support Threshold. |
| **Condition Precedent to Distributions to Holders of Allowed Abuse Claims** | Holders of Allowed Abuse Claims shall only receive their allocable share of funds contributed by the Non-Debtor Affiliates and Non-Settling Insurers to the Trust upon the Abuse Claimant's execution and delivery to counsel for the Non-Debtor Affiliates and Non-Settling Insurers of a release agreement through which the Abuse Claimant grants the Non-Debtor Affiliates and Non-Settling Insurers a release of its Abuse Claim (the "**Release Agreement**"). |

4

| | |
|---|---|
| **Treatment of Abuse Claims Held by Abuse Claimants Failing to Provide a Release** | Upon receipt of the Settlement Payment, the Trust shall deposit the Non-Debtor Affiliates' share of the Settlement Payment into a "**Distribution Reserve Account**." Holders of Allowed Abuse Claims shall only receive their allocable share of funds in the Distribution Reserve Account upon the Abuse Claimant's execution and delivery of the Release Agreement.<br><br>If an Abuse Claimant holding an Allowed Abuse Claim does not execute the Release Agreement, its share of the funds in the Distribution Reserve Account shall remain in such account unless and until it executes a Release Agreement. If the Abuse Claimant does not execute the Release Agreement or commence suit against a Non-Debtor Affiliate within one year of the Effective Date, the Abuse Claimants' portion of the funds in the Distribution Reserve Account may be released for distribution to Abuse Claimants having executed a Release Agreement. If a suit is commenced within one year of the Effective Date, that portion of the Abuse Claimants' distribution shall be returned to the Non-Debtor Affiliates. |
| **Lift Stay Motion** | At the Committee's request, the Debtor and the Committee shall jointly file a motion requesting, among other things, that the stay imposed by section 362(a) of the Bankruptcy Code be modified to allow for the continued prosecution of up to five Abuse Claims jointly selected by the Debtor and the Committee, arising out of a period of time during which a Non-Settling Insurer provided insurance coverage to the Debtor solely for purposes of liquidation and not collection against the Debtor. The Debtor shall not interfere with the prosecution of the selected cases while also taking all actions necessary to preserve |

5

| | |
|---|---|
| | coverage under the Non-Settling Insurer Policy. |
| **Reimbursement of Defense Costs** | After the Effective Date, the Trust will establish a reserve for payment of Post-Effective Date Costs (defined below), which shall be funded in an amount equal to 3% of the Settlement Payment. |
| | "**Post Effective Date Costs**" includes all fees and expenses reasonably incurred by the Debtor, the Reorganized Debtor, or a Non-Debtor Affiliate in connection with performing any of their respective duties or obligations under the Plan with respect to any Abuse Claims or insurance Claims, including, in connection with (a) any attempt by an Abuse Litigation Claimant to enforce or recover insurance claims against Non-Settling Insurers, (b) responding to and defending against any legal action taken by any Abuse Litigation Claimant(s) with respect to Abuse Claims; or (c) upon request by the Trustee or the Abuse Claims Reviewer, assisting with the administration of the allocation protocol. For the avoidance of doubt, such costs include any costs and expenses reasonably incurred by the Debtor, the Reorganized Debtor, or the Non-Debtor Affiliate in connection with such effort, or in connection with any depositions, discovery, or other litigation matters relating in any way to the Abuse Claims or insurance Claims, including any attorney's fees, expert fees, and other costs and expenses. |
| | *Provided, however,* if a Non-Settling Insurer defends the Debtor, the Reorganized Debtor or A Non-Debtor Affiliate against any legal action(s) taken by an Abuse Litigation Claimant(s) with respect to Abuse Claims, the Trust shall be relieved of its obligation to pay any defense costs in connection with the defended claim(s). |

6

| | |
|---|---|
| | *Provided, further,* if any applicable Non-Settling Insurer elects not to defend an Abuse Claim after receiving proper notice and opportunity to do so, the Abuse Claimant shall be entitled to seek a default judgment against the Debtor or Participating Party as nominal party only, solely to allow such Abuse Claimant to then pursue insurance rights under Cal. Ins. Code § 11580 in accordance with the provisions of the Plan. <br><br> Any Post Effective Date Costs paid by the Trust to the Debtor, the Reorganized Debtor, or any Non-Debtor Affiliate shall be reimbursed to the Trust upon the Non-Settling Insurer's payment of such amounts. |
| **Insurance Settlement Agreements** | The Debtor and the applicable Non-Debtor Affiliate(s) shall join the Committee, or the Reorganized Debtor and the applicable Non-Debtor Affiliate(s) shall join the Trust, in any Insurance Settlement Agreements as may be reasonably requested by the Committee or the Trust, which agreement(s) will contain customary provisions that are included in similar settlement agreements entered into in other diocesan bankruptcies. |
| **Unknown Abuse Claim Reserve** | The Trust will establish the Unknown Abuse Claim Reserve in the amount of 3% of all amounts paid by Settling Insurers to compensate the holders of Unknown Abuse Claims. The Unknown Abuse Claim Reserve shall remain in place for seven years following the Effective Date. |
| **United States Trustee Fees and Reports** | All fees due and payable under 28 U.S.C. § 1930 and not paid before the Effective Date shall be paid in cash as soon as practicable after the Effective Date by the Debtor or the Reorganized Debtor. |

| | |
|---|---|
| | After the Effective Date, the Reorganized Debtor shall pay quarterly fees to the United States Trustee until the Chapter 11 Case is closed, and a Final Decree is entered.<br><br>In addition, until a Final Decree closing the Chapter 11 Case is entered, the Debtor shall file all post confirmation quarterly reports as required by the United States Trustee Operating Guidelines (with a copy served on the Office of the United States Trustee).<br><br>Neither the Trust nor the Unknown Tort Claims Reserve will have any liability for United States Trustee fees.<br><br>For the avoidance of doubt, the following will not constitute a disbursement for purposes of 28 U.S.C. § 1930(a)(6): (a) any distribution from the Trust or the Unknown Tort Claims Reserve or (b) any payment by the Trust or the Unknown Tort Claims Reserve of compensation or expenses in accordance with the Trust Documents or the Unknown Tort Claims Trust Documents. |

2.    **Obligations Under this Term Sheet.**  Upon the execution by all Parties to this Term Sheet, the Parties shall use their reasonable best efforts to promptly revise the Plan and all related agreements and file such documents with the Court no more than 30 days after execution of this Term Sheet.

Notwithstanding the foregoing, nothing in this Term Sheet shall prevent the Debtor and the Committee from taking or failing to take any action that it is obligated to take in the performance of its statutory or fiduciary duties or as otherwise required by the Bankruptcy Code or applicable law.

8

**ACCEPTED AND AGREED TO:**

| | |
|---|---|
| Dated: January 29, 2026 | Dated: January 29, 2026 |
| **THE FRANCISCAN FRIARS OF CALIFORNIA, INC.**<br><br>By: *David Gaa*<br><br>Name: David Gaa<br><br>Its: President | **THE FRANCISCAN FRIARS OF CALIFORNIA, INC.**<br><br>By: *Robert G Harris*<br><br>Name: Robert Harris<br><br>Its: Counsel |
| Dated: January 29, 2026 | Dated: January 29, 2026 |
| **THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF THE FRANCISCAN FRIARS OF CALIFORNIA, INC.**<br><br>By: *Keet Hase*<br><br>Name: Katherine Halberg<br><br>Its: Chair | **THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF THE FRANCISCAN FRIARS OF CALIFORNIA, INC.**<br><br>By: *B-W*<br><br>Name: Brent Weisenberg<br><br>Its: Counsel |
| Dated: January 29, 2026 | Dated: January 29, 2026 |
| **FRANCISCAN MINISTRIES, INC.**<br><br>By:<br><br>Name: Kathleen Flanagan<br><br>Its: President | **FRANCISCAN MINISTRIES, INC.**<br><br>By:<br><br>Name: Chris Kuhner<br><br>Its: Counsel |
| | Dated: January 29, 2026 |
| | **ASSOCIATED MINISTRIES (AS DEFINED HEREIN)**<br><br>By: *Robert G Harris for Michael St. James*<br><br>Name: Michael St. James<br><br>Its: Counsel |

## Exhibit A

POC 20081
POC 20082
POC 20087
POC 20079
POC 20088
POC 20118
POC 20119
POC 20023
POC 20027
POC 20017
POC 20073
POC 20107

## **Exhibit B**

POC 20047
POC 20096

11